IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CR-29-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| TORRENCE RONZAY JONES, | ) |
| | ) |
| Defendant. | ) |

On August 21, 2008, this court held Torrence Ronzay Jones's ("Jones") sentencing hearing arising from Jones's guilty plea to (1) conspiracy to distribute a quantity of cocaine and a quantity marijuana in violation of 21 U.S.C. § 846 (count one) and (2) possession with intent to distribute a quantity of cocaine, more than 5 grams of cocaine base (crack), and a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2 (count five). See [D.E. 49]; Sentencing Tr. [D.E. 52] 4–5. Initially, the court calculated Jones's total offense level to be 26, his criminal history category to be IV, and his advisory guideline range to be 92 to 115 months. See Sentencing Tr. 4–17. The court then granted the government's motion for upward departure under U.S.S.G. § 4A1.3. See id. 22–26; see also [D.E. 47] 6–9 (sentencing order explaining upward departure). Jones's advisory guideline range became 120 to 150 months' imprisonment based on a criminal history category VI and total offense level of 26. See Sentencing Tr. 26. The court then considered and granted the government's motion for a downward departure under U.S.S.G. § 5K1.1. See id. 26–29. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jones to 132 months' imprisonment on each count, to be served concurrently. See id. 29–40.

On August 22, 2008, Jones appealed. See [D.E. 42]. On July 2, 2009, the Fourth Circuit affirmed the court's judgment. See United States v. Jones, 336 F. App'x 293, 295–96 (4th Cir. 2009) (per curiam) (unpublished).

On September 19, 2014, Jones moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 59]. Under U.S.S.G. § 1B1.10(b)(1) and Amendment 782, Jones's amended total offense level is 24, his criminal history category is IV, and his advisory guideline range is 77 to 96 months. See U.S.S.G. § 1B1.10(b)(1); [D.E. 61] 4. On September 8, 2015, Jones filed a memorandum in support of a sentence reduction and requested a 111-month sentence. See [D.E. 61].

The court recognizes its discretion to reduce Jones's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, No. 14-7025, 2015 WL 5947613, at *1–2 (4th Cir. Oct. 14, 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Jones's sentence, the court notes that Jones engaged in an extensive conspiracy to distribute illegal narcotics, has a lengthy criminal history, and has a deplorable record of recidivism. See Sentencing Tr. 22–26; Presentence Report ("PSR") ¶¶ 1–4, 9–17, 19–22; [D.E. 47] 10–11. As for Jones's criminal history and record of recidivism, Jones has prior state convictions for possession of cocaine, driving while license revoked, resisting a public officer, fleeing/eluding arrest with a motor vehicle, and two counts of possession with intent to sell and deliver cocaine. See PSR ¶¶ 19–22. When not incarcerated, Jones also has a poor work history and a history of substance abuse. See id. ¶¶ 36, 38–44.

While incarcerated on his federal sentence, Jones has been sanctioned for possessing intoxicants and possessing a hazardous tool. See [D.E. 61] 5. Jones (now age 38) also has taken some positive steps while incarcerated. See [D.E. 61, 61-1, 61-2]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, App. Note 1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court believes that Jones received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and believes that reducing Jones's sentence would threaten public safety in light of his serious criminal conduct, his lengthy criminal history, and his deplorable record of recidivism. Cf. U.S.S.G. § 1B1.10, App. Note 1(B)(ii). Simply put, Jones's serious criminal conduct, lengthy criminal history, and deplorable record of recidivism substantially outweigh his positive conduct in federal prison and the policy statements permitting a sentence reduction. Thus, the court denies Jones's motion. See, e.g., Cole, 2015 WL 5947613, at *1–2; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Jones's motion for a sentence reduction [D.E. 59] is DENIED.

SO ORDERED. This 5 day of November 2015.

JAMES C. DEVER III
Chief United States District Judge